FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**J. MICHAEL JAKES**
202.408.4045
mike.jakes@finnegan.com

May 30, 2025

Hon. Jarrett B. Perlow **VIA CM/ECF**
Circuit Court Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Willis Electric Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, No. 2024-2118
Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow:

Polygroup respectfully advises the Court of the *en banc* decision in *EcoFactor, Inc. v. Google LLC*, No. 2023-1101 (Fed. Circ. May 21, 2025) ("Op."), which confirms that "the critical questions of the sufficiency of an expert's basis" and "the application of the expert's methodology" are questions of *admissibility*, not weight. Op. 9 (quoting Fed. R. Evid 702 advisory committee's note to 2023 amendment). Applying this framework, the Court found that "[t]he evidence relied upon by Mr. Kennedy does not provide a sufficient basis for his testimony that the lump-sum settlement licenses were based on a royalty rate of $X per unit." Op. 22. And because "a fundamental premise of Mr. Kennedy's testimony" lacked "sufficient facts or data," Op. 20, his testimony was "unreliable and therefore inadmissible under Rule 702," Op. 21.

The same is true for the testimony of Willis's damages expert, Ms. Riley. While the H.S. Craft agreement—"[t]he most significant license Ms. Riley relied on," Appx 25—included the '186 patent at issue here, it also provided a worldwide license to two other patents and five pending patent applications across three patent families. Appx1597-1600(597:21-600:10); Appx4775-4777. Yet the district court found that Ms. Riley "did little to address how the inclusion of additional patents in the H.S. Craft license affected its comparability to the hypothetical negotiation." Appx25. As for the other four agreements that Ms. Riley considered—none of which covered the '186 patent—the district court frankly acknowledged its "doubts about the comparability of the licenses." Appx23. Nevertheless, the district court accepted Willis's contention that these agreements provided Ms. Riley with "'built-in' apportionment." Appx23-24 (citation omitted); Appx15433 ("inherent apportionment"). And it further excused Ms. Riley's failure to "dissect profits" down to the incremental value attributable solely to claim 15's coaxial trunk connector, excluding the value associated with unpatentable claim 10 or features of the Loomis GKI Tree. Appx23. In treating these fundamental deficiencies in Ms. Riley's methodologies as going to "weight" and curable through "cross-examination," Appx24-26, the district court failed to "fulfill its responsibility as gatekeeper," Op. 21, just like in *EcoFactor*.

Respectfully submitted,

/s/*J. Michael Jakes*_____________
J. Michael Jakes

cc: Counsel of Record (via ECF)