FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**J. MICHAEL JAKES**
202.408.4045
mike.jakes@finnegan.com

July 31, 2025

Hon. Jarrett B. Perlow **VIA CM/ECF**
Circuit Court Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Willis Electric Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, No. 2024-2118
Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow:

Polygroup respectfully advises the Court of the recent precedential decision in *Jiaxing Super Lighting Electric Appliance, Co., Ltd. v. CH Lighting Technology Co., Ltd.*, No. 2023-1715 (Fed. Circ. July 28, 2025) ("Op."), where the Court affirmed in part, reversed the grant of JMOL of no invalidity, and ordered a new damages trial. Because the issue was "likely to reoccur on remand," the Court also addressed how Super Lighting's damages expert had relied on two license agreements covering entire patent portfolios in determining a reasonable royalty for only three asserted patents. Op. 17-21. The Court confirmed that "[i]n the context of patent damages, we have repeatedly explained that the damages expert must apportion among licenses." Op. 20. Indeed, "expert testimony should be excluded when it fails to allocate license fees among the licensed patents covered by an agreement." Op. 21.

This same problem infected the testimony of Willis's damages expert, Ms. Riley. While the H.S. Craft agreement—"[t]he most significant license Ms. Riley relied on," Appx 25—included the '186 patent at issue here, it also provided a worldwide license to two other patents and five pending patent applications across three patent families. Appx1597-1600(597:21-600:10); Appx4775-4777. Yet Ms. Riley "did little to address how the inclusion of additional patents in the H.S. Craft license affected its comparability to the hypothetical negotiation." Appx25. Nor did Ms. Riley explain how the other four agreements that she considered—none of which included the '186 patent—provided "'built-in' apportionment" for claim 15 only. Appx23-24 (citation omitted). Even the district court frankly acknowledged its "doubts about the comparability of the licenses." Appx23.

Ms. Riley's income approach is similarly unreliable. Nowhere did Ms. Riley isolate the value attributable solely to claim 15's coaxial trunk connector from the value of other features, including features of unpatentable claim 10 or the Loomis GKI Tree. And her failure to apportion "cannot be justified simply because she made a series of blanket upward and downward adjustments" while invoking the *Georgia-Pacific* factors. Op. 21; Appx12996.

*Jiaxing Super Lighting* confirms that the district court should have excluded Ms. Riley's testimony.

Respectfully submitted,

/s/*J. Michael Jakes*_____________
J. Michael Jakes

cc: Counsel of Record (via ECF)