FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**J. MICHAEL JAKES**
202.408.4045
mike.jakes@finnegan.com

October 16, 2025

Hon. Jarrett B. Perlow **VIA CM/ECF**
Circuit Court Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Willis Electric Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, No. 2024-2118
Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow:

Polygroup respectfully advises the Court of the recent precedential decision in *Rex Medical, L.P. v. Intuitive Surgical, Inc.*, Nos. 2024-1072, 2024-1125 (Fed. Circ. Oct. 2, 2025) ("Op."), where, among other things, the Court affirmed the grant of JMOL of no damages and the denial of a new damages trial. Yet again, the Court confirmed that "when relying on comparable licenses to prove a reasonable royalty, we require a party to account for differences in the technologies and economic circumstances of the contracting parties." Op. 9 (citation modified). The district court did not err in excluding Rex's damages expert's testimony because he "failed to address the extent to which [several] other patents contributed to the royalty rate in the [compared] license" and "fail[ed] to allocate license fees among the licensed patents covered by [the compared] agreement." Op. 11 (citations omitted).

The opinions of Willis's damages expert, Ms. Riley, are unreliable for the same reasons—she failed to address how other patents and patent applications contributed to the royalty rate in the licenses on which she relied. "The most significant license" that Ms. Riley relied on, the H.S. Craft agreement, included not only the '186 patent but also a worldwide license to two other patents and five pending patent applications across three patent families. Appx25; Appx1597-1600(597:21-600:10); Appx4775-4777. And the other four agreements that Ms. Riley considered did not even include the '186 patent. Appx25. Yet, the district court allowed Ms. Riley's testimony despite finding that she "did little to address how the inclusion of additional patents in the H.S. Craft license affected its comparability to the hypothetical negotiation." Appx25. Nor did Ms. Riley explain how the other agreements provided "'built-in' apportionment" for claim 15 only. Appx23-24 (citation omitted). *Rex Medical* further confirms that Ms. Riley's testimony should have been excluded.[1]

---

[1] Willis's response to Polygroup's second Rule 28(j) letter complained of its similarity to Polygroup's first Rule 28(j) letter. ECF No. 36. But the frequency with which apportionment has

Respectfully submitted,

/s/*J. Michael Jakes*______
J. Michael Jakes

cc: Counsel of Record (via ECF)

---

arisen in this Court's precedential opinions since briefing closed only highlights the district court's error in not excluding Ms. Riley's opinions.