WILMERHALE

November 3, 2025

**Mark C. Fleming**

+1 617 526 6909 (t)
+1 617 526 5000 (f)
mark.fleming@wilmerhale.com

**VIA CM/ECF**
Hon. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Willis Electric Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, No. 2024-2118
(argument scheduled for December 3, 2025, panel 2512E)
Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow:

Appellee Willis Electric respectfully advises the Court of the precedential decision in *Inland Diamond Products Co. v. Cherry Optical Inc.*, __ F.4th __, No. 24-1106 (Fed. Cir. Oct. 15, 2025).

Like claim 15 of the ’186 patent, the asserted claims in *Inland Diamond* depended from claims previously held unpatentable in IPR. Slip op. 2. The district court in *Inland Diamond* did what Polygroup asks for here: it concluded that “because the Asserted Claims depend from—and thus contain the limitations of—Unpatentable Claims, issue preclusion stemming from the IPRs prohibited relitigating validity issues as to those limitations.” *Id.* 2-3.

This Court vacated and remanded, holding issue preclusion inapplicable because “(1) the standard of proof for unpatentability in IPRs is less than that for invalidity in district court; and (2) the Asserted Claims themselves have never been determined invalid or unpatentable through any appeals to this court.” *Id.* 7. The Court distinguished *XY*, on which Polygroup relies (Reply Br. 4), because it involved “a patent *claim* that had been adjudicated as invalid or unpatentable,” unlike the asserted claims in *Inland Diamond*—and claim 15 here—which were never found unpatentable. *Id.* 4-5 n.3.

The Court also reaffirmed the principle that “any claim constructions the Board reached under the ‘broadest reasonable interpretation’ standard do not have issue-preclusive effect in district court, where claims are construed under the different standard of *Phillips*.” *Id.* 7 n.4.

*Inland Diamond* forecloses Polygroup’s major premise, repeated throughout its briefing, that the unpatentability of independent claim 10—construed under the BRI standard and decided by a preponderance of the evidence—somehow confines Willis Electric to validity and damages arguments tied to the added limitation recited in dependent claim 15 (coaxial connectors). *E.g.*, Opening Br. 1-3, 20, 29-30, 38, 45-46, 50-51, 56-57, 63; Reply Br. 1-6, 16-17, 25-31. In fact, because claim 15 (including the limitations it incorporates from claim 10) is construed under *Phillips*, has never been held unpatentable, and is presumed nonobvious absent clear and

convincing evidence to the contrary, issue preclusion does not apply. Slip op. 7-8 & n.4; Appellee's Br. 33-35, 41, 49, 57-60, 65.

Respectfully submitted,

/s/ Mark C. Fleming
Mark C. Fleming

Attachment

cc: Counsel of Record (via ECF)

# United States Court of Appeals for the Federal Circuit

---

**INLAND DIAMOND PRODUCTS CO.,**
*Plaintiff-Appellant*

**v.**

**CHERRY OPTICAL INC.,**
*Defendant-Appellee*

---

2024-1106

---

Appeal from the United States District Court for the Eastern District of Wisconsin in No. 1:20-cv-00352-WCG, Chief Judge William C. Griesbach.

---

Decided: October 15, 2025

---

MARK A. JOTANOVIC, Dickinson Wright PLLC, Troy, MI, argued for plaintiff-appellant. Also represented by JOHN S. ARTZ, Ann Arbor, MI.

TIFFANY WOELFEL, Amundsen Davis LLC, Green Bay, WI, argued for defendant-appellee. Also represented by SHERRY DAWN COLEY, JASON JUST.

---

Before PROST, REYNA, and CHEN, *Circuit Judges*.

PROST, *Circuit Judge*.

Inland Diamond Products Co. ("Inland") appeals from a summary judgment of the U.S. District Court for the Eastern District of Wisconsin. The district court relied on issue preclusion to hold that claims 2, 4, and 6 of U.S. Patent No. 8,636,360 ("the '360 patent") and claim 4 of U.S. Patent No. 9,405,130 ("the '130 patent") (collectively, the "Asserted Claims") are invalid for obviousness. We vacate the district court's judgment and remand.

## BACKGROUND

In 2019, the Patent Trial and Appeal Board ("Board") issued a final written decision in each of two inter partes reviews ("IPRs")—one for the '360 patent, the other for the '130 patent.[1] In these decisions, the Board determined as unpatentable claims 1, 3, 7–8, and 12 of the '360 patent and claims 1, 3, 6–8, and 10 of the '130 patent (collectively, the "Unpatentable Claims"). The Asserted Claims—all of which depend exclusively from Unpatentable Claims[2]—were also challenged in the IPRs, but the Board determined that the Asserted Claims had not been proven unpatentable. These decisions were not appealed.

Then, in 2020, Inland filed the instant case against Cherry, in which it alleged that Cherry infringed the Asserted Claims.

On Cherry's motion, the district court granted summary judgment that the Asserted Claims are invalid for obviousness. The court began by concluding that, because the

---

[1] Appellee Cherry Optical Inc. ("Cherry") was not the petitioner in these IPRs.

[2] Asserted Claim 2 of the '360 patent depends from Unpatentable Claim 1; Asserted Claims 4 and 6 of the '360 patent depend from Unpatentable Claim 3 (which itself depends from Unpatentable Claim 1); and Asserted Claim 4 of the '130 patent depends from Unpatentable Claim 3 (which itself depends from Unpatentable Claim 1).

Asserted Claims depend from—and thus contain the limitations of—Unpatentable Claims, issue preclusion stemming from the IPRs prohibited relitigating validity issues as to those limitations. *See Inland Diamond Prods. Co. v. Cherry Optical Inc.*, 695 F. Supp. 3d 1031, 1039 (E.D. Wis. 2023) (concluding that issue preclusion applied, so Cherry was "not required to perform an independent invalidity analysis" for limitations of Unpatentable Claims contained in the Asserted Claims). The court therefore focused on the remaining limitations added by the Asserted Claims. *See id.* at 1040–41. And while the court *did* allow Inland to defend the Asserted Claims' validity (at least as to issues concerning those remaining limitations), it appeared to do so *only* because the Asserted Claims had been adjudicated as not unpatentable in the IPRs. *See id.* at 1039 ("Because the [Asserted Claims] were adjudicated before the [Board], the court will not estop [Inland] from disputing invalidity . . . ."). Ultimately, the court's issue-preclusion ruling and Cherry's asserted prior art led the court to grant summary judgment that the Asserted Claims are invalid for obviousness. *Id.* at 1040–42.

Inland timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's grant of summary judgment under the law of the regional circuit—here, the Seventh Circuit, which reviews such grants de novo. *See Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1358 (Fed. Cir. 2020) (citing and applying Seventh Circuit law). And while we also review a district court's application of general principles of issue preclusion (a.k.a. collateral estoppel) under the law of the regional circuit, Federal Circuit law applies when substantive patent-law issues are implicated. *See, e.g.*, *Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1379 (Fed. Cir. 2025). Whether issue preclusion applies is reviewed de novo. *See*

*id.*; *see also EEOC v. AutoZone, Inc.*, 707 F.3d 824, 831 (7th Cir. 2013).

Since the district court's summary judgment, we have issued two decisions—*ParkerVision* and *Kroy*—that require concluding that the district court erred in applying issue preclusion here. *See ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345 (Fed. Cir. 2024); *Kroy*, 127 F.4th 1376.

In *ParkerVision*, the Board had determined apparatus claims unpatentable in an IPR, and the patentee then asserted method claims of that same patent in district court. The same prior art that was raised in the IPR against the apparatus claims was raised in district court against the method claims. When the patentee sought to present expert testimony about why that prior art did not invalidate the method claims, the district court barred the testimony. It reasoned that, because the Board had decided factual issues concerning that prior art against the patentee when determining the apparatus claims unpatentable, issue preclusion prevented the patentee from relitigating any of those same issues in district court. *See* 116 F.4th at 1354. On appeal, we reversed. We observed that one "well-known exception[]" to issue preclusion is where "the second action involves application of a different legal standard." *Id.* at 1361 (quoting *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148, 154 (2015)). And we concluded that, because the standard of proof for unpatentability in an IPR (preponderance) is less than that for invalidity in district court (clear and convincing), no Board finding estopped the patentee from presenting evidence on the "unresolved question" of whether the patent challenger could prove the prior-art-related facts by clear and convincing evidence. *Id.* at 1362.[3]

---

[3] In reversing the district court on this issue, we distinguished our decision in *XY, LLC v. Trans Ova Genetics,*

In *Kroy*, as in *ParkerVision*, the Board in an IPR had determined some claims of a patent unpatentable, and the patentee then asserted other claims of that same patent in district court. The district court dismissed the patentee's complaint due to issue preclusion because it deemed the asserted claims immaterially different (for invalidity purposes) from those the Board had determined unpatentable. *Kroy*, 127 F.4th at 1378–79. On appeal, we reversed. We concluded that, "even assuming the asserted claims [were] immaterially different from the unpatentable claims for purposes of invalidity," *id.* at 1379, issue preclusion did not apply, because the standard of proof for unpatentability in an IPR was less than that for invalidity in district court, *see id.* at 1380–81 (citing, among other authorities, *ParkerVision*, 116 F.4th at 1361–62).

*ParkerVision* and *Kroy* both stand for the principle that the Board's fact findings under a lower standard of proof (preponderance) do not have issue-preclusive effect in district-court invalidity proceedings, where facts must be proven under a higher standard of proof (clear and convincing). In *ParkerVision*, the Board had determined some claims unpatentable, and the attempt to apply issue preclusion in district court concerned the Board's specific underlying fact findings. In *Kroy* (as in *ParkerVision*), the

---

*L.C.*, 890 F.3d 1282 (Fed. Cir. 2018). We explained that *XY* "involved a different situation"—namely, the application of issue preclusion to bar assertion of a patent *claim* that had been adjudicated as invalid or unpatentable through any appeals to this court. *See ParkerVision*, 116 F.4th at 1362; *id.* ("Once we have affirmed the invalidity of a patent claim[,] . . . the claim no longer exists and cannot be asserted as a basis for infringement . . . ."). In *ParkerVision*, we were "dealing with claims that ha[d] *not* been found unpatentable," *id.* (emphasis in original), and the same is true in the instant case.

Board had determined some claims unpatentable. And though, on its face, the attempted district-court preclusion in *Kroy* concerned other (ostensibly immaterially different) *claims in their entirety*—as opposed to just specific fact findings—it really concerned whatever *fact findings* supported the Board's unpatentability determinations. That is because, if those other claims in *Kroy* had been held invalid in district court due to issue preclusion (as was essentially attempted there), such a holding would have ultimately been on the strength of the fact findings necessary for the Board's unpatentability determinations. *See Kroy*, 127 F.4th at 1381 ("[W]hen a district court would necessarily rely on the Board's fact findings, and those facts have only been proven in a prior proceeding under a lower [standard] of proof than what is required in district court, collateral estoppel does not apply."). So, although the contexts were somewhat different as between the cases, the underlying principle was the same: fact findings made under a lower standard of proof do not have issue-preclusive effect in proceedings in which facts must be proven under a higher standard of proof. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991).

The district court's summary judgment in this case erred by violating that principle, and that error leads us to vacate and remand. Specifically, when adjudicating the Asserted Claims' invalidity under the clear-and-convincing standard, the court gave issue-preclusive effect to facts found under the lesser, preponderance standard. *See Inland*, 695 F. Supp. 3d at 1039 (relying on issue preclusion to relieve Cherry of having to "perform an independent invalidity analysis" for limitations of Unpatentable Claims contained in the Asserted Claims). In this respect, the court's error was indistinguishable from the errors discussed above in *ParkerVision* and *Kroy*. And, although Cherry invites us to affirm on alternative grounds—saying that even without issue preclusion, and even under the clear-and-convincing standard, it is entitled to summary

judgment of invalidity on the merits—we decline its invitation. Instead, the better course is for the district court to conduct the proper analysis in the first instance on remand.[4]

Further, to the extent the district court allowed Inland to defend (i.e., did not estop it from defending) the Asserted Claims' validity only because those claims had already been adjudicated as *not* unpatentable, that reasoning was erroneous. The main reasons that issue preclusion does not apply here are simply: (1) the standard of proof for unpatentability in IPRs is less than that for invalidity in district court; and (2) the Asserted Claims themselves have never been determined invalid or unpatentable through any appeals to this court, *see, e.g.*, *ParkerVision*, 116 F.4th at 1362 (discussing *XY*, 890 F.3d at 1294). That the

---

[4] Inland also argues, and we agree, that any claim constructions the Board reached under the "broadest reasonable interpretation" standard do not have issue-preclusive effect in district court, where claims are construed under the different standard of *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc). *See DDR Holdings, LLC v. Priceline.com LLC*, 122 F.4th 911, 918–19 (Fed. Cir. 2024) ("Because the Board applies the broadest reasonable construction of the claims while the district courts apply a different standard of claim construction as explored in *Phillips*, a party is not collaterally estopped in district court proceedings by the Board's constructions during IPR." (cleaned up)). Although the Board in 2018 changed its IPR claim-construction standard to match that of district courts, this change applied only to petitions filed on or after November 13, 2018. *See, e.g.*, *Immunex Corp. v. Sanofi-Aventis U.S. LLC*, 977 F.3d 1212, 1216 & n.2 (Fed. Cir. 2020). Because the petitions in the IPRs at issue here were filed before then, the Board applied the "broadest reasonable interpretation" standard.

Asserted Claims happened to survive an unpatentability challenge (as opposed to, say, having never been challenged at all) is irrelevant to issue preclusion's inapplicability to those claims in this district-court setting.[5]

We note finally that, in a given case,[6] it may be that some of the same (or similar) evidence and argument that led the Board to determine unpatentability of one claim by a preponderance of evidence could lead a district court to grant summary judgment that another claim is invalid—i.e., to conclude that a reasonable jury could *only* find, by clear and convincing evidence, that the other claim is invalid. But any such summary judgment must stand on its own merits on the evidence and argument presented in court. A fact cannot be deemed established against the patentee in court simply because the Board found it; instead, a patent challenger must still carry its burden of proof, and a patentee may still dispute whether that burden has been met.

On remand, if the district court is to grant summary judgment that an Asserted Claim is invalid (for anticipation or obviousness), it must conclude—on the basis of evidence and argument presented in court, as opposed to issue preclusion stemming from the IPRs—that a reasonable jury could *only* find, by clear and convincing evidence, facts showing that the prior art disclosed or would have rendered obvious the Asserted Claim as a whole (i.e., not just whatever limitations it contains beyond the relevant Unpatentable Claim(s)).

---

[5] That a claim was adjudicated as not unpatentable in an IPR may indeed be relevant to estoppel against a patent challenger under 35 U.S.C. § 315(e), but that statutory provision is not at issue here.

[6] We express no views as to the merits of the instant case.

## CONCLUSION

We have considered Cherry's remaining arguments and find them unpersuasive. For the foregoing reasons, we vacate the district court's judgment and remand.

## VACATED AND REMANDED

## COSTS

Costs to Inland.